UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDERICO DIMAS, JR., <br>     Plaintiff, <br> v. <br> MERRICK GARLAND, in his official capacity as Attorney General of the United States, <br>     Defendant. | Civil Action No. 21-2792 (CKK) |

MEMORANUDM OPINION
(November 15, 2022)

In this Title VII discrimination case, Plaintiff Frederico Dimas, Jr. ("Plaintiff") claims that his employer, the United States Drug Enforcement Agency ("DEA") discriminated against him on the basis on race.  Defendant moves to dismiss for improper venue and failure to state a claim or, in the alternative, to transfer this matter to the United States District Court for the Eastern District of Virginia ("EDVA").  Because the alleged discriminatory actions occurred entirely within the Commonwealth of Virginia, Defendant's [9] Motion to Dismiss is **GRANTED** as it relates to transfer, and the Court **ORDERS** this case **TRANSFERRED** to the United States District Court for the Eastern District of Virginia.  Because the Court does not address whether Plaintiff's complaint states a claim, the Court shall **HOLD IN ABEYANCE** that portion of Defendant's [9] Motion, to be addressed after transfer.

I. BACKGROUND

For the purposes of resolving the present motion, the Court takes the complaint's facts as true and states only those facts here as is necessary.  Plaintiff has worked in Sterling, Virginia as an information technology specialist for the DEA since 1999.  Compl. ¶ 8.  Plaintiff alleges that the DEA has discriminated against him by failing to promote him and failing to award him different jobs upon application.  Id. ¶¶ 22-26, 43-45.  The DEA also suspended him from work

for eleven days in 2016, in connection with his then-wife visiting his workplace to complain about Plaintiff to his supervisors and coworkers, among other punitive actions.  *See id.* ¶¶ 67-74; 103-04.

On June 30, 2017, Plaintiff filed an EEO complaint.  *Id.* ¶ 14.  The United States Department of Justice, of which the DEA is a component agency, notified Plaintiff on July 22, 2021 that it rejected his EEO complaint.  *Id.* Ex. A.  On October 21, 2021, Plaintiff filed his instant complaint.  *Id.* (docketed Oct. 21, 2022).

## II.   DISCUSSION

Because venue does not lie, the Court shall transfer this matter.  Doing so, the Court does not reach whether Plaintiff's complaint states a claim upon which relief may be granted.

Pursuant to 42 U.S.C. § 2000e-5(f)(3), a Title VII suit may be brought:

> [1] in an judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but [4] if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

In other words, if one of the first three apply here, venue is improper in the District of Columbia. *See Valerino v. Holder*, 20 F. Supp. 3d 203, 205 (D.D.C. 2013).  Plaintiff concedes that the alleged "unlawful employment practice" occurred within EDVA and that he worked within EDVA.  *See* Opp. at 7.  He argues, however, that the "records relevant to" Plaintiff's employment reside in the District of Columbia.  *Id.*  In support of this position, Plaintiff relies mainly on the fact that his electronic Official Personnel Folder ("eOPF"), i.e., his employment records, are located within the District of Columbia because the agency responsible for his eOPF,

the United States Office of Personnel Management ("OPM"), is resident in the District of Columbia. *Id.* As a factual and legal matter, this argument fails.

Although his eOPF file is *accessible* in the District of Columbia, the physical files themselves reside at a DEA office in Arlington, Virginia. ECF No. 13-1, Decl. of John Christie ¶ 3. This is the beginning and end of the inquiry. *See Kruise v. Fanning*, Civ. A. No. 15-1213 (ABJ), 2016 WL 11672724, at *4 (D.D.C. June 14, 2016). The salient question for section 2000e-5(f)(3) is where the responsible agency—here, the DEA—"maintain[s]" and "administer[s]" the records pertaining to the plaintiff. *See id.* ("the Court must identify the district in which the responsible agency 'maintains and administers' those records"); *cf. also Valerino*, 20 F. Supp. 3d at 206 (transferring employment discrimination case where Justice Department component *qua* employer maintained physical records outside of the District of Columbia, notwithstanding eOPF files are generally managed by OPM in the District of Columbia). As such, venue is improper under section 2000e-5(f)(3).

In addition to section 2000e-5(f)(3), the Court also considers the general venue statute, 28 U.S.C. § 1404. Pursuant to subsection 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." Because this action should have been brought in the Eastern District of Virginia, and so as not to prejudice Plaintiff, the Court shall transfer this matter pursuant to 18 U.S.C. § 1404.

### III.     CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS IN PART AND HOLDS IN ABEYANCE IN PART** Defendant's [9] Motion to Dismiss and **TRANSFERS** this matter to

the United States District Court for the Eastern District of Virginia.  An appropriate order accompanies this Memorandum Opinion.

Dated: November 15, 2022

                                               /s/
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge